1  **WO**                                                                    MDR

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9  Deborah Lynn Bidochka,                )    No. CV 06-503-PHX-SMM (BPV)
                                         )
10            Plaintiff,                 )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12  MCSO Staff,                          )
                                         )
13            Defendants.                )
   _____   )

14

15        On February 16, 2006, Plaintiff Deborah Lynn Bidochka, confined in the Arizona

16  State Prison Complex in Goodyear, Arizona, filed a *pro se* civil rights complaint relating to

17  her confinement in the Maricopa County Estrella Jail (Doc. #1). On June 16, 2006, the Court

18  issued an Order (Doc. #4) dismissing the Complaint with leave to amend. On July 11, 2006,

19  Plaintiff filed a First Amended Complaint (Doc. #5). The Court will dismiss the First

20  Amended Complaint without leave to amend.

21  **I. Statutory Screening of Prisoner Complaints**

22        The Court is required to screen complaints brought by prisoners seeking relief against

23  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

24  § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised

25  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

26  be granted, or that seek monetary relief from a defendant who is immune from such relief.

27  28 U.S.C. § 1915A(b)(1), (2).

28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

In the Court's June 16, 2006 Order, the Court dismissed the original Complaint because Plaintiff had failed to allege a jurisdictional basis for the case and had failed to identify the specific individuals responsible for her alleged civil rights violations.  Plaintiff's First Amended Complaint will be dismissed without leave to amend because she has failed to correct these defects.

**II.  First Amended Complaint**

In her three-count First Amended Complaint, Plaintiff sues the Maricopa County Sheriff's Office detention officers at the Maricopa County Estrella Jail.  She does not allege how this Court has jurisdiction over the case.

In Count One, she alleges that her civil rights were violated because she was housed in a facility with over one-hundred women and was double-bunked.  In Count Two, she alleges that her civil rights were violated because she never received outdoor recreation time.  In Count Three, she alleges that her civil rights were violated because she was forced to go to court on more than one occasion in dirty clothes.  In each count, she alleges violations of several state statutes.  In her Request for Relief, Plaintiff seeks monetary damages.

**III.  Lack of Jurisdiction**

As the Court stated in its June 16, 2006 Order dismissing the original Complaint, in order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages she seeks.  In a case challenging her conditions of confinement while a pretrial detainee, the most likely source of a right to sue is 42 U.S.C. § 1983.  As was the case with her original Complaint, Plaintiff has not alleged in her First Amended

Complaint that this case arises pursuant to § 1983.  In addition, each of her claims asserts violations of state, not federal, law.   Because Plaintiff again has failed to allege a jurisdictional basis for this case, the Court will dismiss her First Amended Complaint.

**IV.  Failure to Link Defendant with Injuries**

As the Court stated in its June 16, 2006 Order dismissing the original Complaint, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). As she did in her original Complaint, Plaintiff again has only alleged in her First Amended Complaint violations by "MSCO Staff" at the Estrella Jail and has failed to identify the specific individuals responsible for her alleged civil rights violations.  Accordingly, the Court will dismiss the First Amended Complaint.

**IT IS ORDERED:**

(1)  The First Amended Complaint (Doc. #5) is **dismissed without leave to amend** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(2)  The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 29th day of September, 2006.

Stephen M. McNamee
United States District Judge